IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 3:11-CR-25 |
| | ) | PHILLIPS/SHIRLEY |
| DAVID MINER | ) | |

## MEMORANDUM OF LAW IS SUPPORT OF MOTION TO DISMISS COUNTS TWO AND THREE

Comes the defendant, David Miner, and submits this Memorandum of Law in support of his Motion to Dismiss Counts Two and Three. Both of these counts attempt to charge a violation of 26 U.S.C. § 7203, a failure to file a tax return. This statute is simply a punishment statute and does not define the offense of failing to file a tax return. These two counts violated the Fifth and Sixth Amendment to the United States Constitution and must be dismissed as they are simply not sufficient to comply with the United States Constitution.

The Sixth Amendment to the United States Constitution requires that in all criminal proceedings, the accused shall have the right to be informed of the nature and cause of the accusation. *United States v. Piccolo,* 723 F2d 1234 (6th Cir. 1983). This standard is expressed by *Fed.R.Crim.P. 7(c)(1)* which states, in part, that the indictment "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged."

The United States Supreme Court has spoken about two of the protections which an indictment is intended to guarantee in the case of *Russell v. United States,*

369 U.S. 749, 82 S.Ct. 1038 (1962). The Court also discussed two of the criteria by which the sufficiency of an indictment is to be measured.

> "These criteria are, first, whether the indictment contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and secondly, 'in case any other proceedings are taken against him for a similar offense whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.'"

The Supreme Court has discussed the indictment situation in several other cases.

> "It is an elementary principle of criminal pleading, that where the definition of an offence, whether it be at common law or by statute, 'includes generic terms, it is not sufficient that the indictment shall charge the offence in the same generic terms as in the definition; but it must state the species, -it must descend to particular.'" *United States v. Cruikshank,* 92 U.S. 542, 23 L.Ed. 588.

> "An indictment not framed to apprise the defendant 'with reasonable certainty, of the nature of the accusation against him . . . is defective, although it may follow the language of the statute.'" *United States v. Simmons,* 96 U.S. 360, 24 L.Ed. 819.

> "In an indictment upon a statute, it is not sufficient to set forth the offence in the words of the statute, unless those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished." *United States v. Carll,* 105 U.S. 611, 26 L.Ed 1135.

The indictment in the present case fails to sufficiently give notice to Mr. Miner of what he is charged with and what he must defend. The indictment states that "he was required by law" to make an income tax return. The law encompasses a large number of books. Where is this in the law. This indictment does not point Mr. Miner to any statute or regulation that says he, as an individual, must file an income tax return. Nowhere does this indictment refer Mr. Miner to any statute or regulation that says who

must file an income tax return. How does Mr. Miner know where to find a statute or regulation that says this? Is he supposed to guess at which statute or regulation the government is referring?

The statute itself, 26 U.S.C. § 7203, says that, "Any person required under this title to pay any estimated tax or tax, or required by this title or by regulations made under authority thereof . . .," does not help. This prohibition that Mr. Miner supposedly violated could be found anywhere in Title 26 or anywhere in any regulation made under authority of Title 26. The government includes very few facts in the indictment that would help Mr. Miner, or anyone, to decide which statute or regulation that he has violated.

Counts Two and Three of this indictment simply do not apprise Mr. Miner of what he must defend against. There is too much that is left to guesswork. The law does not allow this.

A bill of particulars would not even cure this indictment. The *Russell* Court has made it clear that a bill of particulars cannot save an invalid indictment.

A simple reading of this indictment clearly demonstrates that Mr. Miner is not apprised of what he must defend against. He has been charged with violating a punishment statute only. The underlying offense to which this punishment statute refers has not been charged in this indictment. Counts Two and Three must be dismissed.

Respectfully submitted this the 8th day of August, 2011.

FEDERAL DEFENDER SERVICES OF
EASTERN TENNESSEE, INC.


By: s/Kim A. Tollison
Kim A. Tollison
Asst. Federal Community Defender
800 S. Gay Street, Suite 2400
Knoxville, TN 37929
(865) 637-7979
BOPR No. 1756
COUNSEL FOR DEFENDANT


CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2011, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the court's electronic filing system.

s/Kim A. Tollison
Kim A. Tollison