IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 3:11-CR-25 |
| ) | PHILLIPS/SHIRLEY |
| DAVID MINER ) | |

### MEMORANDUM OF LAW IS SUPPORT OF MOTION TO DISMISS COUNTS TWO AND THREE OF THE SUPERSEDING INDICTMENT

Comes the defendant, David Miner, and submits this Memorandum of Law in support of his Motion to Dismiss Counts Two and Three of the Superseding Indictment. Both of these counts attempt to charge a violation of 26 U.S.C. § 7203, a failure to file a tax return. This statute is simply a punishment statute and does not define the offense of failing to file a tax return. These two counts violated the Fifth and Sixth Amendment to the United States Constitution and must be dismissed as they are simply not sufficient to comply with the United States Constitution.

The original indictment in this case, or whichever of the four indictments used in this case, attempted to charge a violation of 26 U.S.C. § 7203. Although this Court found differently, the defendant still contends that those indictments were deficient because they simply charged a punishment statute and not a substantive statute. They also fail to allege the elements of an offense and fail to give Mr. Miner notice of what he is charged with.

The government resubmitted the case to a grand jury and that grand jury returned a Superseding Indictment. This is the fifth indictment in this case. No two are

the same. Counts two and three of the Superseding Indictment are still deficient and this Superseding Indictment still does not comply with the United States Constitution.

The Sixth Amendment to the United States Constitution requires that in all criminal proceedings, the accused shall have the right to be informed of the nature and cause of the accusation. *United States v. Piccolo,* 723 F2d 1234 (6th Cir. 1983). This standard is expressed by *Fed.R.Crim.P. 7(c)(1)* which states, in part, that the indictment "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged."

The United States Supreme Court has spoken about two of the protections which an indictment is intended to guarantee in the case of *Russell v. United States,* 369 U.S. 749, 82 S.Ct. 1038 (1962). The Court also discussed two of the criteria by which the sufficiency of an indictment is to be measured.

> "These criteria are, first, whether the indictment contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and secondly, 'in case any other proceedings are taken against him for a similar offense whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.'"

The Supreme Court has discussed the indictment situation in several other cases.

> "It is an elementary principle of criminal pleading, that where the definition of an offence, whether it be at common law or by statute, 'includes generic terms, it is not sufficient that the indictment shall charge the offence in the same generic terms as in the definition; but it must state the species, -it must descend to particular.'" *United States v. Cruikshank,* 92 U.S. 542, 23 L.Ed. 588.

> "An indictment not framed to apprise the defendant 'with reasonable certainty, of the nature of the accusation against him . . . is defective, although it may follow the language of the

statute.'" *United States v. Simmons,* 96 U.S. 360, 24 L.Ed. 819.

> "In an indictment upon a statute, it is not sufficient to set forth
> the offence in the words of the statute, unless those words of
> themselves fully, directly, and expressly, without any uncertainty
> or ambiguity, set forth all the elements necessary to constitute
> the offence intended to be punished." *United States v. Carll,*
> 105 U.S. 611, 26 L.Ed 1135.

The Superseding Indictment in the present case still fails to sufficiently give notice to Mr. Miner of what he is charged with and what he must defend. The original indictments stated that "he was required by law" to make an income tax return. The law encompasses a large number of books. Where is this in the law. The Superseding Indictment states the he was required pursuant to 26 U.S.C. § 6012 to file an income tax return. This statute states in part, "Every individual having for the taxable year gross income which equals or exceeds the exemption amount, except that a return shall not be required of an individual–..."

The first problem with this indictment is that it does not state what the exemption amount is and where it can be found in the law. Exceeding this exemption amount is an element of the offense. This indictment does not say that. It just says because he had gross income in excess of an amount he had to file. There are several exceptions in 26 U.S.C. § 6012, to the filing requirement. Does Mr. Miner fit into one of those exceptions? This indictment does not tell us.

The substantive statute here seems to be 26 U.S.C. § 6012. The elements of this statute must be charged. They are not. Is he a non married individual, a head of a household, a surviving spouse, or an individual entitled to make a joint return? All of these are different. This indictment does not give Mr. Miner notice of what he is charged with violating.

The statute itself, 26 U.S.C. § 7203, says that, "Any person required under this title to pay any estimated tax or tax, or required by this title or by regulations made under authority thereof . . .," does not help.  The government claims that by adding 26 U.S.C. § 6012 to the Superseding Indictment that it has fixed the problem.  It has not.  What is the definition of "any person?"  The indictment does not tell us.  What is "any tax?"  The indictment does not tell us.  How does Mr. Miner fit into these definitions?  There is simply no notice in this indictment.  Mr. Miner can not guess at how the government thinks that he fits into the statutes and he certainly has nothing upon which he can claim prior jeopardy.

Counts Two and Three of this indictment simply do not apprise Mr. Miner of what he must defend against.  There is too much that is left to guesswork.  The law does not allow this.

A bill of particulars would not even cure this indictment.  The *Russell* Court has made it clear that a bill of particulars cannot save an invalid indictment.

A simple reading of this indictment clearly demonstrates that Mr. Miner is not apprised of what he must defend against.  He has been charged with violating a punishment statute only.  The underlying offense to which this punishment statute refers has not been sufficiently charged in this indictment.  Counts Two and Three must be dismissed.

Respectfully submitted this the 31st day of October, 2011.

                          FEDERAL DEFENDER SERVICES OF
                          EASTERN TENNESSEE, INC.


By:    s/Kim A. Tollison
        Kim A. Tollison
        Asst. Federal Community Defender
        800 S. Gay Street, Suite 2400
        Knoxville, TN 37929
        (865) 637-7979
        BOPR No. 1756
        COUNSEL FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2011, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the court's electronic filing system.

                            s/Kim A. Tollison
                            Kim A. Tollison