IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 3:11-CR-25 |
| ) | PHILLIPS/SHIRLEY |
| DAVID MINER ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
COUNTS TWO AND THREE OF SUPERSEDING INDICTMENT BECAUSE
DEFENDANT IS NOT A "PERSON" AS DEFINED IN THE STATUTE**

The grand jury has indicted Mr. Miner in counts two and three for willful failure to file a return. This statute, 26 U.S.C. § 7203, starts out with, "Any person required..." It is important to get the definition of a "person" to see if this statute applies to Mr. Miner. If he does not fit the definition of "person," then the indictment must be dismissed as to him.

The term "person" is defined in 26 U.S.C. § 7343. It reads as follows:

> "The term 'person' as used in this chapter includes an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs."

The term "person" is also used in 26 U.S.C. § 6671(b). The definition is identical to that in 26 U.S.C. § 7343. 26 U.S.C. § 6671(b) applies to civil cases while 26 U.S.C. § 7343 applies to criminal cases.

26 U.S.C. § 6671(b) is discussed by the District Court for the Southern District of New York in the case of *United States v. Burger,* 717 F.Supp. 245 (S.D. N.Y. 1989). That Court said,

> "The term 'person', as used in this subchapter, includes an officer or employee of a corporation...who as such officer [or] employee...is under a duty to perform the act in respect of which the violation occurs."
>
> "Duty" under § 6671(b) has a much more focused meaning than the generalized duty of all taxpayers to pay taxes and is expressly limited to the duty that attaches to the position an employee holds within the corporation."

Since the language in the two statutes is identical, it is apparent that Congress intended the term "person" to mean the same thing. Had Congress intended it to mean something else, they would have used different language.

It seems abundantly clear, from a reading of the case and a simple reading of 26 U.S.C. § 7343, that a "person" must have a duty in connection with an organized enterprise. Nowhere in the indictment has the government alleged any facts that Mr. Miner is an individual with a duty in connection with any organized enterprise for which these alleged penalties may apply. Since Mr. Miner is not a "person" within the definition of that term, 26 U.S.C. § 7203 does not apply to him and the Superseding Indictment must be dismissed.

Respectfully submitted this the 31st day of October, 2011.

                                                  FEDERAL DEFENDER SERVICES OF
                                                  EASTERN TENNESSEE, INC.

                                    By:    s/Kim A. Tollison
                                                  Kim A. Tollison
                                                  Asst. Federal Community Defender
                                                  800 S. Gay Street, Suite 2400
                                                  Knoxville, TN 37929
                                                  (865) 637-7979
                                                  BOPR No. 1756
                                                  COUNSEL FOR DEFENDANT

CERTIFICATE OF SERVICE

      I hereby certify that on October 31, 2011, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the court's electronic filing system.

                                      s/Kim A. Tollison
                                      Kim A. Tollison