IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 3:11-CR-25 |
| | ) | PHILLIPS/SHIRLEY |
| DAVID MINER | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FOR VIOLATION OF THE FIFTH AMENDMENT DUE PROCESS CLAUSE**

Comes the defendant, David Miner, and submits this Memorandum of Law in support of his motion to dismiss the Superseding Indictment for violation of his Fifth Amendment right under the United States Constitution to Due Process of Law.

Mr. Miner was arrested in Florida on an indictment provided by the United States Attorney's office in Knoxville, Tennessee. He was released on bond and ordered to appear in front of United States Magistrate Judge Shirley in Knoxville. Mr. Miner did as he was told. Upon appearing for his initial appearance in Knoxville, Mr. Miner was given a copy of an indictment which was different from the one he was given by the court in Florida. Mr. Miner brought this difference to the attention of Magistrate Judge Shirley. The Court then asked the United States Attorney to provide a copy of the indictment to the Court. They provided one from their file which was different from the first two. The Court then had the clerk of the court retrieve the indictment in the clerk's office, which purported to be the original, and it was different from the other three. The government has now returned to the grand jury to obtain yet another indictment. This one is titled a Superseding Indictment. None of the indictments have been dismissed.

Everything is still in play.

It is clear as a bell that Mr. Miner was arrested in Florida on an indictment that was never presented to, or returned by, the United States Grand Jury. Employees from the United States Attorney's Office stated that they just prepared another indictment and sent it to Florida. The one sent to Florida was not an exact copy of the indictment that was presented to, and returned by, a grand jury in Knoxville. The government has admitted that they intentionally sent an illegal indictment to Florida for use in the court. What right does the government have to file documents in a court that they know are illegal? This is just about as reckless with the criminal justice system as you can get. How can an individual be arrested on an indictment that is illegal?

The Fifth Amendment to the United States Constitution provides, "...nor be deprived of life, liberty, or property, without due process of law;..." Where is the due process of law when you can be arrested on an indictment that has never been presented to, or returned by, a grand jury. Where is the due process of law when four copies of an indictment, all different, are presented in court for the arraignment of an individual. It's almost like the TV game show, "Let's Make a Deal." I will take the indictment behind door number 3.

Now the government has returned to the grand jury and secured a Superseding Indictment. This indictment is different from the other four. We now have five indictments rattling around in this case, all introduced by the government.

After seeing what has transpired in this case, can anyone have confidence that this case is proceeding with due process of law. The indictment presented to Mr. Miner by the Court in Knoxville was different from the one presented to him by the Court in

Florida. It was different that the one presented to the Court by the Assistant United States Attorney. It was different than the one lodged in the court clerk's office. It was different than the new Superseding Indictment. Was the indictment, or copy of same, presented to Mr. Miner by the Court in Knoxville the indictment that was presented to the grand jury and returned by it? What about the indictment kept by the clerk of the court. A copy of that indictment was never presented to Mr. Miner. Why was the copy presented by the Assistant United States Attorney different from all of the others? Who has answers to all of these questions? Originally we did not know who had the answers. We now know that the government has all of the answers. They have done all of this intentionally. They intentionally introduced a false indictment into the court in Florida. They intentionally introduced a false indictment into the court in Knoxville. Now, with all of these indictments still around, they get another indictment.

There is only one thing about this case that is certain. There is no due process of law. No one can have confidence that the system is working properly after viewing these facts. Mr. Miner's rights under the Fifth Amendment have been violated. It would be a travesty of justice to allow this case to go further on these facts. All of the indictments must be dismissed. The government must be shown that they can not play fast and loose with the rules and a person's constitutional rights. They must be held accountable for what they have done. They are attempting to hold Mr. Miner accountable for certain actions. They government is not above the law. They should be held accountable for what they have done. They want to put Mr. Miner in jail for his actions. They simply want to say, we made a mistake in regard to their actions. It is not fair to have it both ways. What is fair for the goose is fair for the gander. There is

only one way for this Court to drive this point home, and that is to dismiss all of the indictments in this case.

Respectfully submitted this the 31st day of October, 2011.

                                        FEDERAL DEFENDER SERVICES OF
                                        EASTERN TENNESSEE, INC.

                          By:    s/Kim A. Tollison
                                Kim A. Tollison
                                Asst. Federal Community Defender
                                800 S. Gay Street, Suite 2400
                                Knoxville, TN 37929
                                (865) 637-7979
                                BOPR No. 1756
                                COUNSEL FOR DEFENDANT

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 31, 2011, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the court's electronic filing system.

                                        s/Kim A. Tollison
                                        Kim A. Tollison