IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:11-CR-25 |
| | ) | |
| DAVID MINER, | ) | (PHILLIPS/SHIRLEY) |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on Defendant Miner's Motion to Dismiss Counts Two and Three [Doc. 37], the Defendant's Motion to Dismiss Counts Two and Three Because Defendant is Not a "Person" as Defined in the Statute [Doc. 39], and the Defendant's Motion to Dismiss for Violation of the Fifth Amendment Due Process Clause [Doc. 41], all filed on October 31, 2011. The Government responded [Doc. 44] in opposition to all three motions on November 14, 2011. The Court held a hearing on the motions on November 16, 2011. Assistant United States Attorney (AUSA) Frank M. Dale, Jr., represented the Government. Attorney Kim A. Tollison appeared on behalf of the Defendant, who participated by telephone. The parties presented oral argument on the issues. At the conclusion of the hearing, the Court took the motions, the response, and oral argument under advisement.

## I. POSITIONS OF THE PARTIES

The Defendant was initially charged in a three-count Indictment [Doc. 3] with corruptly endeavoring to obstruct or impede the due administration of the internal revenue laws, with the intent to secure an unlawful advantage or benefit for himself or others through frivolous and threatening communications with the Internal Revenue Service (IRS) and with others, urging them not to cooperate with the IRS from the approximate dates of November 8, 2003 to June 28, 2007 (Count One). The Indictment also charged the Defendant with willfully failing to file an income tax return as required by law for the 2004 and 2005 calendar years (Counts Two and Three).

The Indictment [Doc. 3] was returned by the grand jury in Knoxville, Tennessee, on March 15, 2011, and the Defendant was arrested in the Middle District of Florida on March 22, 2011. The Defendant's initial appearance and Rule 5(c)(3) proceedings were held in front of Magistrate Judge Donald Paul Dietrich on the day of his arrest, and the Defendant's case was transferred to the Eastern District of Tennessee on March 23, 2011.

The Defendant's current Motion to Dismiss for Violation of the Fifth Amendment Due Process Clause [Doc. 41], as well as his earlier motion of the same name [Doc. 22], involve issues which first arose at the Defendant's initial appearance and arraignment in Knoxville on April 27, 2011. At that time, it was noted that the indictment presented in court did not appear to be identical to the indictment presented to the Defendant at his initial appearance pursuant to Rule 5(c)(3) in Florida on March 22, 2011.[1]

---

[1] For further discussion on the differences in the documents and the Court's findings related to varying versions, see Section II of the Court's previous Report and Recommendation [Doc. 31].

2

On September 30, 2011, this Court issued a Report and Recommendation [Doc. 31],[2] recommending that the District Court deny the Defendant's Motion to Dismiss Counts Two and Three [Doc. 20], in which the Defendant argued that 26 U.S.C. § 7203, the statute under which he was charged in the original Indictment, is merely a punishment statute and that the Indictment did not sufficiently notify him of the charges against him, rendering him unable to formulate a defense. The Court also recommended that the District Court deny the Defendant's Motion to Dismiss for Violation of the Fifth Amendment Due Process Clause [Doc. 22], in which the Defendant contended that he was arrested in Florida on an indictment that was never returned by a grand jury and that the cumulative effect of the Government's errors and the varying versions of the Indictment in this case rose to the level of a due process violation, which demanded dismissal of the Indictment.

On September 20, 2011, the grand jury returned a Superseding Indictment [Doc. 30], charging the Defendant in the same three counts as the original Indictment, but additionally citing 26 U.S.C. § 6012, stating that the Defendant's gross income required him to file an income tax return, in Counts Two and Three. On October 31, 2011, the Defendant filed three additional pretrial motions based on the Superseding Indictment. The first motion, the Motion to Dismiss Counts Two and Three [Doc. 37], virtually mirrors his earlier motion [Doc. 20] by the same name, again arguing that Counts Two and Three charge only violations of a punishment statute, 26 U.S.C. § 7203. In the Memorandum of Law in Support of Motion to Dismiss Counts Two and Three of the Superseding Indictment [Doc. 38], the Defendant again reiterates his earlier arguments but also adds a short

---

[2]On October 13, 2011, District Judge Thomas W. Phillips granted the Defendant's Motion to Extend Time to File Objections to Report and Recommendation [Doc. 33], extending the deadline for the filing of the Defendant's objections until objections to this Report and Recommendation are due.

3

section on the addition of 26 U.S.C. § 6012 in the charging document. The Defendant argues that this citation did not cure the alleged defects because the elements of § 6012 are not charged, and because the Superseding Indictment does not indicate whether the Defendant fit into one of the exceptions under § 6012.

In the Defendant's Motion to Dismiss for Violation of the Fifth Amendment Due Process Clause [Doc. 41], the Defendant again argues that his due process rights were violated by virtue of the circulation of the various copies of the original Indictment, now requiring that the Superseding Indictment be dismissed. The Defendant further alleges that the Superseding Indictment is just one additional document purporting to charge him and that the fact that none of the "indictments" has been dismissed means that they all remain "in play." Finally, in the Defendant's only substantially new motion, his Motion to Dismiss Counts Two and Three Because the Defendant is Not a "Person" as Defined in the Statute [Doc. 39], the Defendant argues that he is not a "person" required under 26 U.S.C. § 7203 to file an income tax return because he does not fit the definition of a person under 26 U.S.C. § 7343 and § 6671(b).

The Government responds [Doc. 44] to the Defendant's new motions that Counts Two and Three of the Superseding Indictment do, as the same counts of the original Indictment did, properly charge the Defendant with failure to file a tax return under 26 U.S.C. § 7203. The Government contends that it obtained a Superseding Indictment adding 26 U.S.C. § 6012 to these counts to clarify any confusion and avoid future controversy, despite the fact that the earlier Indictment, without citation to § 6012, was sufficient. In response to the Defendant's due process argument, the Government asserts that the Defendant's claims are unfounded, that the Government has explained in detail the reason for the earlier indictment confusion, that the grand jury has since

4

returned a Superseding Indictment, and that this Court has already found that no due process violation occurred. The Government also argues that the Defendant falsely alleges impropriety on the part of the Government and its agents. Lastly, in response to the Defendant's argument that he is not a "person" for purposes of 26 U.S.C. § 7203, the Government cites many cases supporting its assertion that this argument has been rejected by all courts addressing this issue and that the Defendant's reliance on the definition of a "person" in § 7343 is misplaced.

## II. ANALYSIS

Our Constitution requires that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment by a grand jury[.]" U.S. Const. Amend. V. "The indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" Fed. R. Crim. P. 7(c)(1). As a general rule, an indictment passes constitutional muster if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." Hamling v. United States, 418 U.S. 87, 117 (1974); United States v. Landham, 251 F.3d 1072, 1079 (6th Cir. 2001) (quoting Hamling). An indictment may allege the charges using the words of the statute itself as long as it gives all the elements of the offense "'fully, directly, and expressly[.]'" Hamling, 418 U.S. at 117 (quoting United States v. Carll, 105 U.S. 611, 612 (1881)); Landham, 251 F.3d at 1079. Moreover, the statutory language "'must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged.'" Hamling, 418 U.S. at 117-18 (quoting United States v.

5

Hess, 124 U.S. 483, 487(1888)); Landham, 251 F.3d at 1079.

Generally, an indictment "returned by a legally constituted and unbiased grand jury," Costello v. United States, 350 U.S. 359, 363 (1959), is sufficient to justify procession to trial if (1) it contains the elements of the offense charged, and thus "sufficiently apprises the defendant of what he must be prepared to meet," United States v. Debrow, 346 U.S. 374, 376 (1953), and (2) it is sufficiently specific to protect the defendant against double jeopardy in a subsequent proceeding, see, e.g., United States v. Blandford, 33 F.3d 685, 705 (6th Cir. 1994); United States v. Phibbs, 999 F.2d 1053, 1086 (6th Cir. 1993). However, upon motion by the defendant, a charge contained in an indictment may be dismissed before trial if it is defective. See Fed. R. Crim. P. 12(b)(3).

A charge contained in an indictment is defective if it fails to state an offense. See United States v. Gatewood, 173 F.3d 983, 986 (6th Cir. 1999) ("a defendant who contends that the indictment fails to establish jurisdiction or to charge an offense may raise that challenge at any time") (citing United States v. Hart, 640 F.2d 856, 857 (6th Cir. 1981)); see also Fed. R. Crim. P. 12(b)(3)(B). In other words, if a charge alleges conduct by a defendant that cannot within reason be construed to be a crime, the Court may dismiss the charge as defective. See United States v. The, 535 F.3d 511, 515 (6th Cir. 2008) ("Claims that a statute named in an indictment does not proscribe the alleged conduct are generally treated as claims that the indictment 'fails to state an offense.'") (citing United States v. Adesida, 129 F.3d 846, 850 (6th Cir. 1997); United States v. Foley, 73 F.3d 484, 488 (2d Cir. 1996); United States v. Meacham, 626 F.2d 503, 509 (5th Cir. 1980)).

*(A) Motion to Dismiss Counts Two and Three*

The Defendant argues that Counts Two and Three of the Superseding Indictment fail

6

to give him notice of the charges against him because § 7203 is a punishment statute, and the elements of the substantive statute, § 6012, which is charged in the Superseding Indictment, are not included in the relevant counts. In the original Indictment [Doc. 3], Counts Two and Three charged that the Defendant failed to file an income tax return on or before the required dates for the calendar years of 2004 and 2005. The counts charged that the Defendant had received gross income in excess of a $7,950 and $8,200, respectively, and that "[b]y reason of such gross income he was required by law" to file a tax return. Each of the counts charges that this failure to file was in violation of 26 U.S.C. § 7203. In the Superseding Indictment [Doc. 30], Counts Two and Three charge the Defendant with the same violations of § 7203. Where the counts previously read "[b]y reason of such gross income he was required by law," they now read "[b]y reason of such gross income he was required pursuant to 26 U.S.C. § 6012."

> Title 26 U.S.C. § 7203, under which the Defendant is charged, provides:
>
> Any person required under this title to pay any estimated tax or tax, or required by this title or by regulations made under authority thereof to make a return, keep any records, or supply any information, who willfully fails to pay such estimated tax or tax, make such return, keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor . . . .

The Court found in its earlier Report and Recommendation [Doc. 31] that the crime of failure to file a tax return under 26 U.S.C. § 7203 has two elements: 1) that the defendant is a person required to make a tax return, and 2) that the defendant, being a person required to make a tax return, willfully failed to make such return. In this case, the Defendant's argument about the sufficiency of Counts Two and Three of the Indictment again goes to the first element, specifically whether he has notice that he is a person required to file an income tax return. Title 26 U.S.C. § 6012, included in Counts

7

Two and Three of the Superseding Indictment, sets forth the "[p]ersons required to make returns of income," stating in relevant part that, "[e]very individual having for the taxable year gross income which equals or exceeds the exemption amount[.]" 26 U.S.C. § 6012.

At the November 16 hearing, the Defendant reiterated his argument that § 7203 is not the proper statute under which he should be charged because it is a "punishment statute." The Defendant argued that § 6012 is the "substantive statute" in this case and that Counts Two and Three of the Superseding Indictment remain insufficient because the elements of § 6012 do not appear in the counts. Without the elements of § 6012 listed in the counts, the Defendant argues, he does not have the requisite notice of the charges against him. The Defendant acknowledges that the Superseding Indictment states that by reason of his gross income in excess of the amounts listed in Counts Two and Three, he was required by § 6012 to file a return. The Defendant contends, however, that § 6012 does not list the numbers appearing in Counts Two and Three and that he does not know where the grand jury retrieved the monetary amounts listed in the Superseding Indictment. Without this knowledge, he argues, he does not have adequate notice of the charges against him.

The Government responds that as this Court found in its earlier Report and Recommendation, the original Indictment, without the citation to § 6012, was already sufficient to adequately apprise the Defendant of that with which he is charged. The Government also represented that the numbers listed in Counts Two and Three were the exemption amounts for the years in question, but that those amounts and the Defendant's income in excess of them are issues to be proved up at trial. The Government asserts that Counts Two and Three, as they are charged in the Superseding Indictment, provide a sufficient bar for the Defendant to plead against subsequent litigation.

8

Case 3:11-cr-00025-TWP-CCS   Document 50   Filed 12/16/11   Page 8 of 15   PageID #: 294

The parties also argued at the November 16 hearing about the elements, which need to be included in the Superseding Indictment for Counts Two and Three to be sufficient. The Defendant asserts that being a "person" under the tax code is an element of § 6012 and § 7203 and that the elements of § 6012 need to be included in an indictment charging failure to file a tax return. The Government responds that the elements necessary to include in the charged violation are as follows: 1) that the individual had the gross income required to file an income tax return, 2) that the individual willfully failed to file the required return, and 3) that the failure to file was by the date required by law. The Government further contends that these elements are included in Counts Two and Three of the Superseding Indictment and that they appeared in the original Indictment.

In the Court's earlier Report and Recommendation [Doc. 31], the Court found that the original Indictment, charging violations of § 7203, sufficiently apprised the Defendant of the charges against him contained in Counts Two and Three [Doc. 31 at 11-12]. The Court noted that "[w]hile § 6012 requires the Defendant to file an income tax return, § 7203 is the only statute that criminalizes the act of failing to file one, making it the proper charging vehicle" [Doc. 31 at 11]. The Court also found that while the original Indictment, charging only § 7203, was sufficient, best practice may be to charge § 6012 as well. In the Superseding Indictment, Counts Two and Three cite § 6012 when setting out that the Defendant was required by law to file an income tax return. Accordingly, as the Court found that Counts Two and Three of the original Indictment, providing less information and possibly less notice than the Superseding Indictment, was sufficient, the Court now finds that Counts Two and Three of the Superseding Indictment are likewise sufficient to notify the Defendant of the offenses charged. See United States v. Gaumer, No. 93-4155, 1994 WL 269581, *4 (6th Cir. 1994); United States v. Spine, 945 F.2d 143, 149 (6th Cir. 1991).

9

Moreover, as to the Defendant's argument that Counts Two and Three now must charge the elements of § 6012, this argument is irrelevant in light of the Court's finding that § 7203, rather than § 6012, is the proper charging vehicle for a charge of failure to file an income tax return. Accordingly, the Court recommends that the Defendant's Motion to Dismiss Counts Two and Three [Doc. 37] be denied.

*(B) Motion to Dismiss for Violation of the Fifth Amendment Due Process Clause*

The Constitution requires that "[n]o person shall be . . . deprived of life, liberty, or property without the due process of law[.]" U.S. Const. amend. V. In this case, the Defendant revisits his earlier motion of the same name [Doc. 22] and argues that the Government's actions and the purported indictment discrepancies, when taken as a cumulative whole, amount to a violation of the Defendant's due process rights, leaving dismissal of the Superseding Indictment the only possible remedy. The Defendant further argues that the Superseding Indictment is now a fifth indictment in this case, only adding to the earlier confusion. The Defendant argues [Doc. 42] that all five "indictments" remain "in play" because none of them have been dismissed. The Defendant further contends that allowing the case against him to proceed without dismissing "[a]ll of the indictments" would show the Government that it can play "fast and loose with the rules and a person's constitutional rights" and that the Government will not be held accountable for its actions [Doc. 42 at 3].

As to the Court's finding in its earlier Report and Recommendation that the Defendant was arrested on a proper arrest warrant, rather than a document purporting to be an indictment, the Defendant admitted at the November 16 hearing that only an arrest warrant must be

10

produced to a defendant at the time of arrest. However, the Defendant contends that the fact that a copy of the purported indictment was given to him in Florida with the arrest warrant caused the current problem. The Defendant argues that if he was never given a document purporting to be an indictment in Florida, his arrest would have been legal, but as the Government did give him the copy, he has never been validly arrested in this case. The Defendant admits that he could now validly be arrested on the Superseding Indictment, but he claims that the Superseding Indictment as an additional charging document in this case further muddles the situation rather than clarifying it.

The Government responds that this Court has already found that the Defendant's due process rights were not violated by an errors that may have occurred. The Government argues that the Defendant is now accusing government agents of intentional misconduct, which is a serious matter. The Government contends that the Court has been made fully aware of the facts leading up to the incidents described above and that this Court has already found that the cumulative problems did not rise to the level of a due process violation. At the November 16 hearing, the Government also argued that the Superseding Indictment replaces the earlier Indictment, so that any of the Defendant's arguments with regard to the earlier Indictment, and the emailing and presentation of it in Florida, are now moot.

As the Government argues, in this Court's earlier Report and Recommendation, the Court found that the Defendant was arrested on an arrest warrant, rather than on the document presented to him as an indictment in Florida, and that the arrest in this case was valid [See Doc. 31 at 13-15]. The Court further found that the substance of each of the documents purporting to be indictments in this case was identical, with any differences amounting merely to scrivener's errors, and that the Defendant had adequate notice of the charges against him. As to the Defendant's

11

argument that the Superseding Indictment is one more "indictment," leaving all indictments in play because none have been dismissed, the Court finds that the return of a superseding indictment fully supplants an earlier indictment. See United States v. Goff, 187 F. A'ppx 486, 491 (6th Cir. 2006) ("Indeed, just as an amended complaint supplants the original complaint and becomes the only live complaint in a civil case, a superseding indictment supplants the earlier indictment and becomes the only indictment in force") (internal citation omitted). Therefore, the current charging document in this case is a first superseding indictment, rather than a fifth version of an earlier indictment. Neither party has challenged the validity or raised questions as to the legitimacy of the Superseding Indictment returned by the grand jury. Accordingly, because the Court already found [Doc. 31] that any errors by the Government in this case do not rise to the level of a Fifth Amendment due process violation, and because the return of the valid Superseding Indictment forecloses all further arguments related to the earlier discrepancies, the Court finds that the no violation of due process has occurred in this case.

The Court recommends that the Defendant's Motion to Dismiss for Violation of the Fifth Amendment Due Process Clause [Doc. 41] be denied.

*(C) Motion to Dismiss Counts Two and Three Because Defendant is Not a "Person" as Defined in the Statute*

In his final motion, the Defendant argues that he is not a "person" for purposes of § 7203, requiring that the Court dismiss Counts Two and Three of the Superseding Indictment. In his motion, the Defendant points out that § 7203 begins by specifying that it applies to "[a]ny person required" under Title 26 to pay income taxes. He then argues that the definition of a "person" for

12

purposes of § 7203 is found in 26 U.S.C. § 7343:[3] "The term "person" as used in this chapter includes an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs." The Defendant contends that this definition's statement that the term "person" "includes" officers and employees of corporations and partnerships limits the applicability of the chapter to only those listed in § 7343. In other words, the Defendant argues that § 7343 provides an exclusive list of those is subject to taxation, rather than specifying merely that those with a duty in connection to organized enterprises, in addition to private individuals, are subject to income taxation. Because the Government does not allege that the Defendant worked in a representative capacity or had some duty to a corporation or partnership, the Defendant contends that he is not a "person" and that § 7203 does not apply to him as related to the charges against him.

The Government responds that the Defendant's argument has been rejected by courts across the country, including the Sixth Circuit. The Government argues that the definition provided in § 7343 does not "*limit* the reach of tax offenses enumerated in Chapter 75 of Title 26 to people described in section 7343," but rather extends the definition of "person" in 26 U.S.C. 7701(a)(1) [Doc. 44 at 5] (emphasis in original). The Government's response also cites United States v. Bishop, in which the Sixth Circuit states that: "Bishop's argument that he is not a 'person' within the meaning of Title 26 is likewise frivolous." 946 F.2d 896, 1991 WL 213755, at *4 (6th Cir. Oct. 23, 1991). The Sixth Circuit in Bishop goes on to cite 26 U.S.C. § 7701(a)(1), and explain that "[w]hen used in Title 26, the term 'person' includes individuals." Id. The Government further points out

---

[3]The Defendant's brief also includes argument related to the definition of a "person" under 26 U.S.C. § 6671(a). That section of the code, however, applies to civil penalties and is unrelated to the issues presented in this case.

other cases from the Sixth Circuit, as well as other circuits, which the Defendant did not cite, that squarely reject the argument the Defendant now seeks to advance. See United States v. Maqqi, 1999 WL 96651, at *2 (6th Cir. Feb. 5, 1999); United States v. Napier, 1991 WL 22022, at *1 (6th Cir. Feb. 22, 1991); United States v. Boling, 1988 WL 3477, at *2 (6th Cir. Jan. 19, 1988); United States v. Latham, 754 F.2d 747, 750 (7th Cir. 1985); United States v. Karlin, 785 F.2d 90, 91 (3d Cir. 1986); United States v. Condo, 741 F.2d 238, 239 (9th Cir. 1984); United States v. Rice, 659 F.2d 524, 528 (5th Cir. 1981); United States v. Hendrickson, 664 F.Supp.2d 793, 815 (E.D. Mich. 2009).

The Court finds that 26 U.S.C. § 7343 by its own terms extends or supplements the definition of the term "person" to those serving in representative capacities, rather than limiting persons under the tax code to those who owe duties to partnerships and corporations. See Sims v. United States, 359 U.S. 108, 112 (1959). The definition of "person" in § 7701(a)(1) applies generally throughout the Internal Revenue Code:

When used in this title, where not otherwise distinctly expressed or manifestly incompatible with the intent thereof–

(1) Person.–The term "person" shall be construed to mean and include <u>an individual</u>, a trust, estate, partnership, association, company, or corporation.

26 U.S.C. § 7701(a)(1) (emphasis added). The "term 'person' as used in the tax code has been consistently, and plainly, defined as any individual." Maggi, 1999 WL 96651, at *2. Nothing in § 7203 indicates that the section "distinctly expresse[s]" a diverging definition of "person" or that it is "manifestly incompatible" with the definition of a "person" in § 7701(a)(1). Moreover, the Defendant failed to acknowledge all case law contrary to his position.

The Court finds that the Defendant is a "person" for purposes of the tax code and that § 7203 applies to him in his capacity as such an individual person. Accordingly, the Court

14

recommends that the Defendant's Motion to Dismiss Counts Two and Three Because Defendant is Not a "Person" as Defined in the Statute [Doc. 39] be denied.

### III. CONCLUSION

After carefully considering the parties' filings and arguments and the relevant legal authorities, the Court finds no basis to dismiss the Superseding Indictment, or any of the counts therein, in this case. For the reasons set forth herein, it is **RECOMMENDED** that the Defendant's Motion to Dismiss Counts Two and Three Statements **[Doc. 37]**, Motion to Dismiss for Violation of the Fifth Amendment Due Process Clause **[Doc. 41]**, and Motion to Dismiss Counts Two and Three Because Defendant is Not a "Person" as Defined in the Statute **[Doc. 39]** be **DENIED**.[4]

Respectfully submitted,

_s/ C. Clifford Shirley, Jr._
United States Magistrate Judge

---

[4] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582, 587 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).