UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| V. | ) | NO. 3:11-CR-25 |
| | ) | J. PHILLIPS |
| | ) | |
| DAVID MINER | ) | |
| | ) | |
| Defendant. | ) | |

## OBJECTIONS TO DECEMBER 16, 2011, REPORT AND RECOMMENDATION

Defendant David Miner, through undersigned counsel, respectfully submits the following objections to the Magistrate Judge's December 16, 2011, Report and Recommendation on his Motions to Dismiss.

R. 37 Motion to Dismiss Counts Two and Three

The Magistrate Court erred when it recommended Counts Two and Three not be dismissed because they gave Mr. Miner adequate notice of the charges against him.

Counts two and three of the indictment charge violations of 26 U.S.C. § 7203, and mention Mr. Miner was required to pay taxes based on 26 U.S.C. § 6012. Mr. Miner moved to dismiss these counts, first of all, because § 7203 is a punishment statute. It does not define the offense of failing to file a tax return. Simply charging violation of § 7203 is not sufficient to comply with the requirements of the Fifth and

Sixth Amendment to the United States Constitution. Nor is the addition of some language concerning 26 U.S.C. § 6012 adequate to overcome the original indictment's deficiencies. Even as amended, Counts Two and Three do not contain the elements of the offense charged, as required to pass constitutional muster. *See Hamling v. United States*, 418 U.S. 87, 117 (1974); *United States v. Landham*, 251 F.3d 1072, 1079 (6th Cir. 2001)(quoting *Hamling*).

R. 41 Motion to Dismiss for Violation of Due Process

The Magistrate Court erred when it recommended Mr. Miner's motion to dismiss be denied because the multiple indictments did not violate Mr. Miner's due process rights.

The Fifth Amendment to the United States Constitution states, "No person shall be... deprived of life, liberty, or property, without due process of law." The government seeks to deprive Mr. Miner of both his liberty and property. In pursuit of such end, it presented four different indictments at Mr. Miner's initial appearance in Knoxville. After Mr. Miner filed motions to dismiss those indictments, the government returned a fifth, superseding indictment against Mr. Miner. This fifth indictment continues to carry many of the same flaws as the first four.

Given what has transpired thus far in Mr. Miner's case, no person can be confident the case is proceeding with due process of law. To prevent others from suffering from the same uncertainties and errors the government, quite simply, must

be taught a lesson. It cannot proceed in such a haphazard manner and not be seen as trampling a person's due process rights. This Court should reject the Magistrate Court's recommendation and dismiss Mr. Miner's case with prejudice.

Respectfully submitted this 17th day of January, 2012.

FEDERAL DEFENDER SERVICES<br>
OF EASTERN TENNESSEE, INC.<br>
<br>
s/ Laura E. Davis<br>
Laura E. Davis, No. 28638<br>
800 S. Gay Street, Suite 2400<br>
Knoxville, TN 37929<br>
(865) 637-7979

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2012, a copy of the foregoing Motion to Continue Trial was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

s/ Laura E. Davis<br>
Laura E. Davis