UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>Plaintiff, )<br>)<br>v. )<br>)<br>DAVID MINER, )<br>Defendant. ) | No. 3:11-cr-25<br>(Phillips/Shirley) |

**MEMORANDUM AND ORDER**

**I.     Introduction**

This matter comes before the Court on Defendant David Miner's objections [Doc. 54] to the Report and Recommendation issued by Magistrate Judge C. Clifford Shirley on December 16, 2011 [Doc. 50]. Magistrate Judge Shirley recommended that the Court deny Defendant's Motion to Dismiss Counts Two and Three [Doc. 37], Defendant's Motion to Dismiss Counts Two and Three Because Defendant is Not a Person as Defined in the Statute [Doc. 39], and Defendant's Motion to Dismiss For Violation of the Fifth Amendment [Doc. 41].

Defendant's objections state that the Magistrate Judge erred in finding that (1) Counts Two and Three gave Defendant adequate notice of the charges against him; and (2) the multiple indictments issued in this case did not violate Defendant's due process rights. Defendant does not object to the Magistrate Judge's finding that Defendant is a "person" for purposes of 26 U.S.C. § 7203. For the reasons contained herein, Defendant's objections [Doc. 54] are **OVERRULED**; Magistrate Judge Shirley's Report and Recommendation [Doc. 50] is **ACCEPTED**; and Defendant's motions to dismiss [Docs. 37, 39, 41] are **DENIED**.

**II.     Analysis**

The Court must conduct a *de novo* review of those portions of the Report and Recommendation ("R&R") to which objection is made and may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1)(C). The proceedings in this case and the positions of the parties are well detailed in the R&R. [Doc. 50, at 2-5.] Defendant does not object to the R&R's summary thereof, and it therefore is adopted and incorporated herein by reference.

1.      **Motion to Dismiss Counts Two and Three**

Defendant argues that Magistrate Judge Shirley erred in concluding that Counts Two and Three gave Defendant adequate notice of the charges against him. Defendant states that because 26 U.S.C. § 7203 is a punishment statute and does not define the offense of failing to file a tax return, it is insufficient to comply with the notice requirements of the Fifth and Sixth Amendments. Defendant also states that the addition in the Superseding Indictment of language concerning 26 U.S.C. § 6012 was inadequate to overcome the Original Indictment's deficiencies. *See* [Doc. 54.]

"In general, an indictment is constitutionally adequate if it 'contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" *United States v. Landham*, 251 F.3d 1072, 1079 (6th Cir. 2001) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974); *United States v. Maney*, 226 F.3d 660, 663 (6th Cir. 2000); *United States v. Monus*, 128 F.3d 376, 388 (6th Cir. 1997)). However, "'[t]o be legally sufficient, the indictment must assert facts which in law constitute an offense; and which, if proved, would establish prima facie the defendant's commission of that crime.'" *Id.* (quoting *Fleisher v. United States*, 302 U.S. 218 (1937); *United States v. Super. Growers Supp., Inc.*, 982 F.2d 173, 177 (6th Cir.

1992)); *cf. Hamling*, 418 U.S. at 117 (stating that an indictment is sufficient if it "set[s] forth the offense in the words of the statute itself, as long as those words . . . fully, directly, and expressly . . . set forth all the elements necessary to constitute the offense intended to be punished"). "An indictment usually is sufficient if it states the offense using the words of the statute itself, as long as the statute fully and unambiguously states all the elements of the offense." *Landham*, 251 F.3d at 1079 (citing *Hamling*, 418 U.S. at 117).

In *United States v. Gaumer*, the Sixth Circuit addressed a claim identical to that advocated by Defendant. 27 F.3d 568 (1994) (table opinion). In *Gaumer*, the defendant's superseding information charged him with three counts of willfully failing to file an income tax return in violation of 26 U.S.C. § 7203. *Id.* at *1. Like all versions of the indictment in the instant case, the information in *Gaumer* alleged that defendant received gross income in excess of certain amounts during each of three consecutive calendar years, and that he willfully failed to file an income tax return "as he was required to do by law." *Id.* The defendant argued that the information was defective because, it failing to "specify the statutes and/or regulations which allegedly imposed upon defendant the requirement to [make] and file . . . income tax returns," it failed to state facts sufficient to constitute an offense. *Id.* at *4. The Sixth Circuit found that the requirements of *Hamling* were satisfied where the information "alleged that defendant had gross income for the calendar year in question, that by reason of the gross income defendant was required by law to make a return for that calendar year, and that he willfully failed to file an income tax return that calendar year." *Id.* It concluded that a citation to 26 U.S.C. § 6012 was unnecessary because the information "stated all of the elements of the offense . . . and was sufficient to notify him of the offense with which he was charged." *Id.* (citing *United States v. Kahl*, 583 F.2d 1351, 1355 (5th Cir. 1978)); *see*

*also United States v. Roberts*, 9 Fed. App'x 573, 574-75 (8th Cir. 2001) ("The government was not required to cite [] § 6012 in the indictment in order to give [defendant] notice of the charges filed against him.") (quoting *United States v. Vroman*, 975 F.2d 669, 670-71 (9th Cir. 1992) ; *United States v. Spine*, 945 F.2d 143, 149 (6th Cir. 1991) (same) (citing *Kahl*, 583 F.2d at 1351).

Applying the Sixth Circuit's reasoning from *Gaumer*, the Original Indictment, even without the citation to 26 U.S.C. § 6012, was sufficient to apprise Defendant of that with which he is charged. 26 U.S.C. § 7203 criminalizes the fact of failing to file an income tax return, and therefore was the proper charging vehicle in this case. *See, e.g.*, *Roberts*, 9 Fed. App'x at 574-75; *Gaumer*, 27 F.3d at *4; *Vroman*, 975 F.2d at 670-71; *Spine*, 945 F.2d at 149. The elements of the offense of failing to file an income tax return under § 7203 are (1) that the defendant is a person required to make a tax turn; and (2) proof of failure to file; and (3) willfulness in doing so. Count Two of the Original Indictment in this case alleges that:

> During the 2004 calendar year, David Miner . . . had and received gross income in excess of $7,950. By reason of such gross income he was required by law, following the close of the calendar year 2004, and on or before Friday, April 15, 2005, to make an income tax return to the Internal Revenue Service Center . . . . Well knowing and believing all of the foregoing, he did willfully fail, on or about April 15, 2005, in the Eastern District of Tennessee and elsewhere, to make an income tax return."

[Doc. 3, at 3.] Count Three alleges virtually identical conduct related to the 2005 calendar year. *Id.* at 304. Both counts allege that Defendant had gross income during the year in question, that by reason of the gross income defendant was required "by law" to make a return for that year, and that he willfully failed to file an income tax return for that year. *See Gaumer*, 27 F.3d at *4. Both counts also state that Defendant's actions were in violation of 26 U.S.C. § 7203. *See id.* Thus, just as in *Gaumer*, Defendant's Original Indictment stated all of the elements of the offense with which

-4-

Defendant is charged and was sufficient to comply with the notice requirements of the Fifth and Sixth Amendments.

In light of the Court's finding that Counts Two and Three of the Original Indictment were sufficient to apprise Defendant of the charges against him, the Court also finds that Counts Two and Three of the Superseding Indictment, which cite 26 U.S.C. § 6012 when setting out that Defendant was required "by law" to file an income tax return, are likewise sufficient.

The Court is in complete agreement with the Magistrate Judge's conclusion that Courts Two and Three of both the Original and the Superseding Indictment gave Defendant adequate notice of the charges against him. *See* [Doc. 50, Part II(a), at 6-10.] Defendant's objections [Doc. 54] to said findings therefore will be overruled. For the reasons stated in this Memorandum and Order and in Part II(a) of the R&R, which the Court adopts and incorporates into its ruling, Defendant's Motion to Dismiss Counts Two and Three [Doc. 37] will be denied.

**2. Motion to Dismiss for Violation of the Fifth Amendment**

Defendant also argues that the Magistrate Judge erred in concluding that the multiple indictments in this case did not violate Defendant's due process rights under the Fifth Amendment. Defendant urges the Court that the Government must be "taught a lesson. It cannot proceed in such a haphazard manner and not be seen as trampling a person's due process rights." [Doc. 54, at 3.]

The Due Process Clause provides that "[n]o person shall be . . . deprived of life, liberty, or property without the due process of law[.]" U.S. Const. amend. V. The Due Process clause mandates that a criminal defendant be given "fair notice of the charges against him to permit adequate preparation of his defense." *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984).

The Court finds that the purported errors made by the Government in this case do not rise to the level of a due process violation. The four "different" Original Indictments in this case are identical in text and substance and contain only minor stylistic differences. [Doc. 26, Attachs. 1-7.] The Government acknowledged its initial mistake and has gone to great lengths to explain to the Court how and why the differences came about. [Doc. 29, 24:22-34:3.] In addition, no prejudice resulted to Defendant as a result of the multiple indictments, and Defendant at all times had adequate notice of the precise nature of the charges against him. Defendant was arrested on a valid arrest warrant, which was based on the true Original Indictment returned by the grand jury in this case, and which is the only document required by law to be produced to a defendant at the time of arrest. *Id.* 36:16-23, 43:4-11. *See also* Fed. R. Crim. P. 9; Fed. R. Crim. P. 4(c)(3)(A). At Defendant's initial appearance pursuant to Rule 5 of the Federal Rules of Criminal Procedure, the Magistrate Judge made his identity determination based on the arrest warrant, not on the indictment. [Doc. 4.] Thus, Defendant's arrest, initial appearance, and removal to the Eastern District of Tennessee were validly made in accordance with the Federal Rules of Criminal Procedure and were not rendered invalid by the existence of varying Original Indictments. Finally, there is no evidence of bad faith or malfeasance on the part of the Government is issuing the indictments.

In addition, the Government made a concerted effort to remedy any confusion that may have resulted from the issuance of four varying versions of the Original Indictment. On September 2, 2011, the Court held a lengthy hearing with respect to the indictments. [Doc. 29.] And on September 20, 2011, the grand jury returned a Superseding Indictment against Defendant. [Doc. 30.] Though Defendant argues that the Superseding Indictment creates further confusion and merely puts a fifth document into "play" in this case, the Court finds it well established that, "just as an

amended complaint supplants the original complaint and becomes the only live complaint in a civil case, a superseding indictment supplants the earlier indictment and becomes the only indictment in force." *United States v. Goff*, 187 Fed. App'x 486, 491 (6th Cir. 2006) (citing *Parks v. Fed. Express Corp.*, 1 Fed. App'x 273, 277 (6th Cir. 2001)). The Superseding Indictment is the only indictment currently "in play" and has remedied any prior discrepancies in this case.

The Court is in complete agreement with the Magistrate Judge's conclusion that the multiple indictments issued in this case did not violate Defendant's due process rights, and that the return of the valid Superseding Indictment on September 20, 2011 foreclosed all arguments related to the earlier indictments. *See* [Doc. 50, Part II(b), at 10-12.] Defendant's objections [Doc. 54] to said findings therefore will be overruled. For the reasons stated in this Memorandum and Order and in Part II(b) of the R&R, which the Court adopts and incorporates into its ruling, Defendant's Motion to Dismiss for Violation of the Fifth Amendment [Doc. 41] will be denied.

### 3. Motion to Dismiss Counts Two and Three Because Defendant is Not a "Person" as Defined in the Statute

Defendant did not object to Magistrate Judge Shirley's finding that Defendant is a "person" for purposes of 26 U.S.C. § 7203 and recommendation that Defendant's Motion to Dismiss Counts Two and Three Because Defendant is Not a "Person" as Defined in the Statute [Doc. 39] should be denied. Having reviewed the parties' memoranda and the Magistrate Judge's findings regarding this matter, the Court is in complete agreement the Magistrate Judge's conclusion that Defendant is a "person" for purposes of the tax code and 26 U.S.C. § 7203. *See* [Doc. 50, Part II(c), at 12-15.] Accordingly, for the reasons stated in Part II(c) of the R&R, which the Court adopts and incorporates into its ruling, Defendant's Motion to Dismiss Counts Two and Three Because Defendant is Not a "Person" as Defined in the Statute [Doc. 39] will be denied.

## III. Conclusion

The Court finding no error in Magistrate Judge Shirley's Report and Recommendation, and for the reasons contained herein, it is **ORDERED** that Defendant's objections to the R&R [Doc. 54] are **OVERRULED**; the R&R [Doc. 50] is **ACCEPTED**; and Defendant's Motion to Dismiss Counts Two and Three [Doc. 37], Defendant's Motion to Dismiss Counts Two and Three Because Defendant is Not a Person as Defined in the Statute [Doc. 39], and Defendant's Motion to Dismiss for Violation of the Fifth Amendment [Doc. 41] are hereby **DENIED**. In addition, Defendant's motions filed prior to the issuance of the Superseding Indictment [Docs. 20, 22] are hereby **DENIED AS MOOT**.

**IT IS SO ORDERED**.

**ENTER:**

s/ Thomas W. Phillips
United States District Judge