UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| V. | ) | NO. 3:11-CR-25 |
| | ) | Phillips/Shirley |
| | ) | |
| DAVID MINER | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION *IN LIMINE* #1**
**RE: WEBSITES**

Comes the defendant, David Miner, by and through undersigned counsel, and respectfully moves this Honorable Court to enter an Order, *in limine*, pursuant to Rule 103, Federal Rules of Evidence,[1] to rule that the testimony and evidence regarding the non-tax portions of Mr. Miner's websites are inadmissible in Mr. Miner's trial. In support of his motion, Mr. Miner shows as follows:

Rule 402, Federal Rules of Evidence, provides that relevant evidence is admissible provided it is not excluded by other laws or rules and "irrelevant evidence is not admissible." Fed.R.Evid. 402. Rule 401 defines "relevant evidence" as "(a) [evidence that] has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."

---

[1]Although *in limine* rulings are not explicitly recognized in the Federal Rules of Evidence, "the practice has developed pursuant to the district court's inherent authority to manage the course of trial [under Rule 103(c) and Fed.R.Crim.Proc. 12(e)]." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).

Fed.R.Evid. 401. "Relevancy" describes the logical relationship between a proffered item of evidence and a proposition that is material and probative in a given case. *See United States v. Craft*, 407 F.2d 1065, 1069 (6th Cir. 1969). Generally, the test for relevance in a criminal case is based upon the elements of the offenses charged and defenses raise to defeat criminal liability. *See United States v. Hall*, 653 F.2d 1002, 1005 (5th Cir. 1981).

Mr. Miner has two websites: IRx Solutions (www.irx-solutions.com) and Freedom Site (http://freedomsite.net). IRx Solutions is the entity through which Mr. Miner conducted his programs assisting people with their dealings with the IRS. The website is a sort of advertisement for the services, through which Mr. Miner also sold books he had written on the subject. He also used the site as a platform to express other political and social opinions. Freedom Site is part of the "Ring of Conservative Sites," which link politically conservative websites. Freedom Site does incidentally link to the IRx Solutions site: if you click on the button for "links" you are sent to the IRx Solutions "links" page. However, it mostly contains essays Mr. Miner finds compelling expressions of his political beliefs about this country. Freedom Site sells Mr. Miner's book regarding taxes, but does not advertise the services offered by IRx Solutions.

Arguably, those articles posted on the IRx Solutions site discussing Mr. Miner's views on income tax and the IRS, as well as discussions of the services

offered by IRx Solutions, might be relevant to his trial. He is charged with violating 26 U.S.C. § 7212 (corruptly endeavoring the due administration of the internal revenue laws) and 26 U.S.C. § 7203 (failure to file tax return).

Mr. Miner's views on the United Nations, FEMA, the Patriot Movement, and Executive Orders are not relevant to those charges. Nor is Mr. Miner's essay on "Patriotism or Nationalism" that uses Nazi Germany as an example (and thus is not only not relevant but also potentially very prejudicial to jurors). Such evidence, or testimony regarding such evidence, is irrelevant and immaterial and is therefore inadmissible.

Accordingly, Mr. Miner submits the motion is due to be granted and this Honorable Court rule *in limine* that website testimony not related to taxes or IRx Solutions is inadmissible.

Respectfully submitted this 26th day of October, 2012.

FEDERAL DEFENDER SERVICES
OF EASTERN TENNESSEE, INC.

s/ Laura E. Davis
Laura E. Davis, No. 28638
800 S. Gay Street, Suite 2400
Knoxville, TN 37929
(865) 637-7979

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2012, a copy of the foregoing Motion in Limine was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

                                                          s/ Laura E. Davis
                                                          Laura E. Davis