UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | No. 3:11-CR-25 |
| ) | Judge Phillips/Shirley |
| DAVID MINER, ) | |
| ) | |
| DEFENDANT. ) | |

**UNITED STATES' MOTION *IN LIMINE*
REGARDING DEFENDANT'S PRESENTATION
OF LEGAL "EVIDENCE" AND ARGUMENT TO JURY
AND SUPPORTING MEMORANDUM**

The United States of America, by and through undersigned counsel, hereby submits this Motion *in Limine* and requests that this Court preclude the defendant David Miner from presenting at trial certain "evidence" or legal arguments (whether documentary or testimonial) that are irrelevant, would confuse the jury, and/or would invade the Court's province in instructing the jury on the law. In support of this motion, the United States submits the following Memorandum.

**MEMORANDUM**

*1.   Introduction*

For years, David Miner has promoted and marketed a scheme designed to assist others in defeating or evading the assessment and payment of their income taxes. Miner is the owner and operator of IRx Solutions, a business that purports to "decode" and "correct"

taxpayers' IRS Individual Master Files (commonly known by the abbreviation "IMF"). According to Miner, removing "errors" in an individual's IMF thereafter prevents the IRS from being able to assess or collect that person's taxes. Purchasers of Miner's scheme would receive guidance on how to obtain their IMF through a Freedom of Information Act request. Miner, or one of his associates, would then "decode" the IMF and provide the customer with a list of purported "errors." Afterward, Miner would furnish letters intended to cajole the IRS into "correcting" the IMFs, through threats and intimidation if necessary. In promoting this scheme, Miner wrote a "book" entitled "Tax Answers the IRS Doesn't Want You to Have." Implicit in Miner's approach is the premise that individuals are not required to file tax returns or pay taxes.

Along with IRx Solutions, Miner also operated the Blue Ridge Group, which prepared bogus common law trust documents. The purpose of such trusts was to place the tax evader's assets out of the reach of the IRS.

All defendants are entitled to a fair trial, regardless of the eccentricities of their personal views and beliefs. The Federal Rules of Criminal Procedure do not, however, permit defendants to subvert the orderly procedure of a trial and turn it into a three-ring circus or to waste time and judicial resources on ancillary or irrelevant matters. See Fed. R. Cr. P. 2 ("These rules are to be interpreted . . . to eliminate unjustifiable expense and delay"). Likewise, a defendant must not be permitted to usurp the Court's sole authority to instruct the jury regarding the law by offering his own arguments and opinions on purely legal matters (*e.g.*, the applicability of the income tax). Accordingly, the Court should bar

2

the defendant from presenting "evidence" or argument regarding his beliefs or viewpoints regarding the validity of the income tax system, the applicability of the income tax code, the authority of the Internal Revenue Service to enforce tax laws, or other matters that are likely to confuse and mislead the jury.

   2.   *The Charges*

David Miner is charged with the corrupt endeavor to obstruct the orderly functioning of the Internal Revenue Service, in violation of 26 U.S.C. § 7212 (Count One). He is also charged with two counts of willfully failing to file federal income tax returns for the 2004 and 2005 tax years, in violation of 26 U.S.C. § 7203 (Counts Two and Three).

Based upon documents that have been obtained and made available in discovery, the United States anticipates that Miner may attempt to convince the jury that private citizens are not required by law to file tax returns or pay taxes. Miner has already given the Court a foretaste of this argument in his pretrial "Motion to Dismiss Counts Two and Three Because Defendant is Not a 'Person' as Defined in the Statute" (Docket No. 39). The Government expects that Miner will use the trial as an opportunity to litigate irrelevant or tangential matters pertaining to income taxation with the purpose of distracting the jury from the crimes with which he has been charged.

   3.   *Argument*

      a.   *The defendant should be precluded from offering "evidence" or argument regarding the meaning of the tax laws.*

Under the Federal Rules of Evidence, the jury should not be exposed to

3

inadmissible evidence. Fed. R. Evid. 103(c). It is fundamental that "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Even if it is arguably relevant, the Court should nonetheless exclude evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403; *United States v. Willie*, 941 F.2d 1384, 1395-96 (10th Cir. 1991), *cert. denied*, 502 U.S. 1106 (1992) (tax protester's exhibits excluded "because they were confusing, because the danger of the jury's misuse was great, and because the relevant point was provable by other evidence"); *United States v. Payne*, 978 F.2d 1177, 1182 (10th Cir. 1992), *cert. denied*, 508 U.S. 950 (1993); *United States v. Mann*, 884 F.2d 532, 537 (10th Cir. 1989); *United States v. Buckner*, 830 F.2d 102 (7th Cir. 1987). *But see United States v. Gaumer*, 972 F.2d 723, 724 (6th Cir. 1992) (exception where there is a "nexus" between the material and the defendant's stated views), *cert. denied*, 513 U.S. 954 (1994).

It is well-established that "it is the district court's peculiar province to instruct the jury on the law . . . . " *Mann*, 884 F.2d at 538. As the Ninth Circuit explained:

> "The law is given to the jury by the court and not introduced as evidence . . . . Obviously, it would be most confusing to a jury to have legal material introduced as evidence and then argued as to what the law is or ought to be." The law is the singular province of the judge. Juries only decide facts, to which they apply the law given to them by the judge. They may not decide

4

what the law is and should not be given the opportunity to do so.

*Willie*, 941 F.2d at 1396 (quoting <u>Cooley v. United States</u>, 501 F.2d 1249, 1253-54 (9th Cir. 1974)) (internal citations omitted). To the extent the defendant has legal argument to be raised, the proper means in which to do so is through a motion.

> **b.    *The defendant should not be permitted to introduce "evidence" or argument relating to the constitutionality or validity of the tax laws.***

In criminal tax cases, defendants should not be allowed to present evidence or argument regarding the constitutionality or validity of the tax laws. *See United States v. Powell*, 955 F.2d 1206, 1212 (9th Cir. 1992). A defendant's view regarding whether a tax law is valid is irrelevant because a mere disagreement with such laws is not a defense. *Cheek*, 498 U.S. at 202-03; *United States v. Dack*, 987 F.2d 1282, 1285 (7th Cir. 1993) (precluding "[a]rguments which challenge the constitutionality or validity of the tax laws"); *Powell*, 955 F.2d at 1212; *United States v. Hairston*, 819 F.2d 971, 973 (10th Cir. 1987) ("good faith belief that [the laws] are unconstitutional provides no defense"). In *Cheek*, the Supreme Court held that "a defendant's views about the validity of the tax statutes are irrelevant to the issue of willfulness and need not be heard by the jury, and, if they are, an instruction to disregard them would be proper." *Cheek*, 498 U.S. at 206.

While the United States does not know what sort of defense, if any, Miner intends to present, he should not be allowed to offer "evidence" or argument over the validity or applicability of the tax laws. In barring such evidence, the Court will prevent the defendant from "transform[ing] legal argument from an intellectual process aimed at the

5

derivation of the correct legal principle to a carnival of frivolity aimed at disseminating defendant's political views." *Id.* at 633. Moreover, as one court has noted, "[a]rgument reflecting such contemptuous disregard for established legal authority has no place within this circuit." *United States v. Collins*, 920 F.2d 619, 629 (10th Cir. 1990) *cert. denied*, 500 U.S. 920 (1991); *see also United States v. Bowers*, 920 F.2d 220, 222 (4th Cir. 1990) (the duty to pay federal tax is "manifest on the face of the statutes, without any resort to IRS rules, forms or regulations").[1]

### 4. *Types of items that should be barred.*

Among the materials seized from Miner through a search warrant, the United States has identified numerous items that could be offered in a manner irrelevant to the proceedings, could confuse the jury, or would interfere with the Court's duty to instruct the jury about the law. Such items could include books, periodicals and papers regarding taxation and the IRS, if offered by Miner to challenge the validity of the income tax, assert that only business entities – and not individuals – are subject to income taxes, or dispute the authority of the Internal Revenue Service to enforce internal revenue laws. In general, Miner should be barred from presenting his views on the applicability of the tax laws (e.g., that the obligation to file tax returns and pay taxes only applies to businesses and not to

---

[1] Although a trial court in a tax case may exclude evidence of what the law *is* or *should* be, it ordinarily cannot exclude evidence relevant to the jury's determination of what a defendant *thought* the law was. *United States v. Middleton*, 246 F.3d 825, 838-39 (6th Cir. 2001); *Willie*, 941 F.2d at 1392-94; *Powell*, 955 F.2d at 1214. At present, there is no indication that Miner intends to offer evidence for that purpose. Should Miner attempt to do so, however, the Court should require him first to establish with specificity his reliance upon any such material before it is presented to the jury. In addition, depending upon the nature of the evidence, it may still be proper to exclude it in accordance with Fed. R. Evid. 403.

6

Case 3:11-cr-00025 Document 74 Filed 02/06/13 Page 6 of 8 PageID #: 393

individuals), or the ability of the Internal Revenue Service and its employees to enforce such laws. Finally, Miner should not be permitted to cross-examine Government witnesses regarding the validity or legal meaning of any provision of the Internal Revenue Code or the Internal Revenue Regulations; the resulting testimony would be irrelevant in light of the Court's sole authority to determine the law and would risk confusing the jury.

*5.  Conclusion*

For the foregoing reasons, the United States respectfully requests that this Court grant its motion and bar the presentation of documents or testimony for the improper purposes of instructing the jury on the meaning, validity, or applicability of the tax laws or the authority of the Internal Revenue Service to enforce such laws.

Respectfully submitted,

WILLIAM C. KILLIAN
United States Attorney

By: s/ Frank M. Dale, Jr.
_____
FRANK M. DALE, JR.
Assistant United States Attorney
800 Market Street, Suite 211
Knoxville, Tennessee  37902
Telephone:  (865) 545-4167

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 6, 2013, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, who access this filing through the Court's electronic filing system.

s/ Frank M. Dale, Jr.
FRANK M. DALE, JR.
Assistant United States Attorney
United States Attorney's Office
800 Market Street, Suite 211
Knoxville, Tennessee 37902
Telephone: (865) 545-4167