IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No. 3:11-cr-00025 |
| | ) | Judge Phillips/Shirley |
| DAVID MINER, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY TO PROSECUTION'S
MOTION *IN LIMINE***

Comes now the Defendant David Miner, through his undersigned counsel, in reply to the prosecution's motion *in limine* filed on February 6, 2013 (Doc. 74), and respectfully moves this Honorable Court to deny such motion. In support hereof, the following is offered.

**I. Summary of Indictment and Defense.**

Defendant Miner is charged via the indictment in this case with the commission of 3 tax crimes proscribed by 26 U.S.C. §7212(a) and §7203. The intent element essential to prove the commission of these tax crimes is the element of "willfulness". See *Cheek v. United States*, 498 U.S. 192, 201, 111 S.Ct. 604 (1991); *United States v. Romano*, 938 F.2d 1569, 1571 (2nd Cir. 1991); and *United States v. Pabisz*, 936 F.2d 80 (2nd Cir. 1991). If a defendant has a good faith belief that he is not liable for a tax, he does not act willfully, even if his belief is objectively unreasonable. See *United States v. Wisenbaker*, 14 F.3d 1022, 1025 (5th Cir.1994).

In his requested jury instructions, Miner will offer the following requested "good

1

faith" instruction relevant for these tax crimes charged in the indictment:

> "The defendant acted 'willfully' if the law imposed a duty on him, he knew of the duty, and he voluntarily and intentionally violated the duty. A defendant's conduct is not 'willful' if it resulted from negligence, inadvertence, accident, mistake or reckless disregard for the requirements of the law, or resulted from a good faith misunderstanding that he was not violating a duty that the law imposed on him. If you have a reasonable doubt as to whether the defendant acted willfully, you must acquit him.
>
> "The defendant asserts he did not act willfully as charged in the Indictment. The defendant does not act 'willfully' if he believes in good faith that he is acting within the law or that his actions comply with the law, even though the belief turns out to be incorrect or wrong. Having the burden to prove the defendant acted willfully as charged, the government must prove the defendant did not believe in good faith that his actions were lawful. The burden of proving good faith does not rest with the defendant because the defendant does not have an obligation to prove anything in this case. Therefore, if you find that the defendant actually believed what he was doing was in accord with the tax laws, then you must conclude that the defendant did not act willfully.
>
> "In making this determination about the defendant's good faith, you must keep the following in mind. The defendant's good-faith belief or misunderstanding of the law need not be rational or even reasonable, as long as he actually held the belief in good faith."[1]

Thus, Miner may offer in defense both testimony and evidence to show, regarding both types of crimes involved here, that his actions were the result of "negligence, inadvertence, accident, mistake or reckless disregard for the requirements of the law, or resulted from a good faith misunderstanding" of the law. Excluding defense evidence has caused reversals. See *United States v. Tin Yat Chin*, 371 F.3d 31 (2nd Cir. 2004); *United States v. Morgan*, 581

---

[1] Excerpts from Jury Instruction 10, given by Judge Christina Armijo, in the case of United States v. Mark and Sharon Hopkins, case No. 09cr863, U.S. District Court for District of New Mexico.

2

F.2d 933 (D.C. Cir. 1978); *United States v. Wasman*, 641 F.2d 326 (5th Cir. 1981); and *United States v. Stevens*, 935 F.2d 1380, 1404 (3rd Cir.1991).

In the prosecution's motion *in limine*, it seeks to prevent "the defendant from presenting 'evidence' or argument regarding his beliefs or viewpoints regarding the validity of the income tax system, the applicability of the income tax code, the authority of the Internal Revenue Service to enforce tax laws, or other matters that are likely to confuse and mislead the jury." To the extent to such may be construed to prevent Miner from testifying about his beliefs about the tax laws and offering evidence relevant thereto, he requests that such motion be denied.

**II. Evidence Demonstrating Miner's Intent.**

A variety of cases hold it to be error to exclude relevant testimony from the defendant or offered on his behalf. For example, in *Crane v. Sowders*, 889 F.2d 715 (6th Cir. 1989), virtually the exclusive evidence against a youth charged with murder was his confession. When trial started, defense counsel in opening proposed to show the jury, by proof, the circumstances of the confession. Thereafter, the prosecution moved *in limine* to prevent such proof, and that motion was granted. Crane was convicted, and the state appellate courts held that exclusion of such testimony was harmless, but the Supreme Court disagreed in *Crane v. Kentucky*, 476 U.S. 683, 106 S.Ct. 2142 (1986), reversed and remanded. But on remand, the Kentucky Supreme Court held again that the error was harmless. Here, on review of a habeas corpus petition, the Sixth Circuit concluded that just simply permitting the appropriate

3

facts to be recounted in opening statements by defense counsel was no substitute for proof and it vacated the conviction at issue.

In *United States v. Calhoun*, 726 F.2d 162, 164 (4th Cir. 1984), that court was faced with the issue of the propriety of the exclusion of defense testimony. Here, a deputy sheriff on trial for violating the civil rights of a man he beat to death with a flashlight was precluded from answering questions regarding his intent. In reversing, the court held:

> "Any argument that the error was harmless, on the grounds that the jury must have appreciated that the answers to the two questions would have been in the negative, does not favorably impress us. Such an approach would diminish greatly the benefits to be derived from taking the stand in one's own defense."

A similar result was reached in *United States v. Sanders*, 862 F.2d 79 (4th Cir. 1988). In this case, Sanders was charged with forcibly rescuing property seized by the I.R.S. He was permitted to testify that he thought his lawyer had given instructions that it was valid and had been approved by a bankruptcy court for him to do so. That court held it error to have excluded the testimony of Sanders' daughter regarding a phone call she received from the lawyer.

In *United States v. Quimette*, 753 F.2d 188 (1st Cir. 1985), the court was reviewing the conviction of a felon charged with illegal possession of a firearm. The evidence of the felon's actual possession of a firearm was conflicting, and the defense sought to have introduced through a witness a statement made by police officers to the effect of "Where is the gun?" The exclusion of this evidence required a reversal.

In *United States v. Kohan*, 806 F.2d 18 (2nd Cir. 1986), at issue was the exclusion of

4

testimony concerning a witness' conversation with a culpable party. Here, a lawyer was convicted for having two forged checks totally $143,500, pass through his trust account, the proceeds having been given to the culpable party. In reversing, it was held error to exclude the offered testimony. See also *Gilmore v. Henderson*, 825 F.2d 663 (2nd Cir. 1987).

In *Rosario v. Kuhlman*, 839 F.2d 918 (2nd Cir. 1988), the exclusion of certain defense evidence was held constitutional error. In this case involving a murder prosecution, the state used the testimony of a deceased witness given at the prior trial of the case. The defense sought to introduce the testimony given in another case by a witness who impeached the chief prosecution witness. The court held that exclusion of this important evidence constituted error of constitutional dimensions.

In *United States v. Detrich*, 865 F.2d 17, 21 (2nd Cir. 1988), the conviction of a dentist for importing heroin was reversed due to the erroneous exclusion of defense evidence. Detrich offered to prove that he had no knowledge of his possession of heroin because he simply brought back from India what he thought was a suit needed for a wedding. His effort to introduce a co-defendant's statement regarding a wedding the following month was excluded. In reversing, the court held:

> "We cannot find it harmless to exclude a statement that would have supported the main theory of the defense."

A conviction for draft evasion was the subject of *United States v. Bowen*, 421 F.2d 193, 197 (4th Cir. 1970). Bowen was not permitted to explain why he didn't report for the draft, and this caused a reversal of his conviction:

5

> "Although the record is replete with evidence of willfulness on the part of defendant in failing to report for induction, we think that he should not have been deprived of the opportunity to deny it, or to offer any possible explanation for his conduct. In short, while the right to answer the question posed to him may have availed him little, he should not have been denied that right."

See also *United States v. Leake*, 642 F.2d 715 (4th Cir. 1981), where the exclusion of the defendant's testimony regarding his intent was held reversible error.

A tax evasion conviction was at issue in *United States v. Popenas*, 780 F.2d 545 (6th Cir. 1985). Here an attorney had prepared the tax returns at issue and denied on the stand personal culpability. But, the defense possessed an affidavit executed by the attorney which acknowledged incompetence. The exclusion of this critical impeachment evidence was held reversible error.

Convictions for attempted possession and distribution of contraband drugs were the subject of *United States v. Peak*, 856 F.2d 825 (7th Cir. 1988). The theory of the defense in this case was that the defendants planned to capture the drug sellers at the scene of the sale. One defendant's exculpatory statements supportive of this theory recorded on tape were excluded from evidence. The court held that the exclusion of evidence precluded and impaired the presentation of the accused's sole means of defense, thus necessitating reversal.

In *United States v. Slaughter*, 891 F.2d 691 (9th Cir. 1989), the exclusion of an inculpatory statement by the main prosecution witness offered by the defense was held error; see also *United States v. Gillespie*, 852 F.2d 475 (9th Cir. 1988). In *United States v. Cantu*, 876 F.2d 1134 (5th Cir. 1989), the exclusion of the defendant's testimony that he was

6

entrapped by an informer caused a reversal. The exclusion of evidence regarding reliance upon the advice of an attorney in a currency transaction prosecution caused a reversal in *United States v. Eisenstein*, 731 F.2d 1540 (11th Cir. 1984). The failure to permit a defendant to testify regarding his intent required a reversal in *United States v. Kelly*, 888 F.2d 732 (11th Cir. 1989).

In *United States v. Lueben*, 812 F.2d 179, 181 (5th Cir. 1987), the defendant was prosecuted and convicted of submitting false loan applications to various banks. In its case, the prosecution submitted evidence in the form of expert testimony to show how the false statements had a tendency to defraud a bank. To rebut this testimony, the defense called an expert for the purpose of showing that this false information simply would not have misled any bank; this testimony was excluded. The appellate court held such exclusion to be reversible error:

> "We find it difficult to understand why this testimony would not confuse the jury when offered by the government but would confuse the jury when offered by the defendant."

The validity of a conviction of a doctor for a bank robbery was the subject of *United States v. Alexander,* 816 F.2d 164 (5th Cir. 1987). In this case, the robber was photographed by various bank cameras, and copies of those photos were circulated in the vicinity of the bank after the robbery. Some people noticed the likeness of the robber to the doctor and the latter was arrested. At trial, the doctor sought to introduce the testimony of an expert to point out critical distinctions in facial features, *et cet.*, between the robber and the doctor, but this

7

testimony was precluded by the grant of a motion *in limine*. Alexander's conviction was reversed because the court held this to be the legitimate and excellent rebuttal of the prosecution's case.

In *United States v. Roark*, 753 F.2d 991 (11th Cir. 1985), a bank teller was tried and convicted of robbing the bank for whom she worked. The confession Roark gave the day after the robbery was used against her at trial. Here, the defense offered testimony from an expert to explain critical factors regarding the confession, but the same was excluded. This error caused reversal of the conviction. See also *United States v. Cohen*, 888 F.2d 770, 777 (11th Cir. 1989) ("trial court's discretion does not extend to exclusion of crucial relevant evidence").

Not only may Miner fully testify regarding his intent, he may offer other evidence such as the documents that he relied upon in forming his beliefs. In *United States v. Powell*, 955 F.2d 1206, 1214 (9th Cir. 1991), which reversed a tax conviction on the grounds that evidence offered by a defendant regarding his intent was erroneously excluded, that court stated:

> "The Supreme Court in *Cheek* held that 'forbidding the jury to consider evidence that might negate willfulness would raise a serious question under the Sixth Amendment's jury trial provision.' *Cheek*, 111 S.Ct. at 611. Although a district court may exclude evidence of what the law is or should be, see *United States v. Poschwatta*, 829 F.2d 1477, 1483 (9th Cir. 1987), cert. denied, 484 U.S. 1064, 108 S.Ct. 1024, 98 L.Ed.2d 989 (1988), it ordinarily cannot exclude evidence relevant to the jury's determination of what a defendant thought the law was in § 7203 cases because willfulness is an element of the offense. In § 7203 prosecutions, statutes or case law upon which the defendant claims to have actually relied are admissible to disprove that element if the defendant lays a proper foundation which demonstrates such reliance. See *United*

8

> *States v. Harris*, 942, F.2d 1125, 1132 n. 6 (7th Cir. 1991); *United States v. Willie*, 941 F.2d 1384, 1391-99 (10th Cir. 1991). Legal materials upon which the defendant does not claim to have relied, however, can be excluded as irrelevant and unnecessarily confusing because only the defendant's subjective belief is at issue: the court remains the jury's sole source of the law. In addition, the court may instruct the jury that the legal material admitted at trial is relevant only to the defendant's state of mind and not to the requirements of the law, and may give other proper cautionary and limiting instructions as well."

The Sixth Circuit has followed *Powell* and likewise reversed a conviction where similar evidence was excluded; see *United States v. Gaumer*, 972 F.2d 723 (6th Cir. 1992). According to this decisional authority, the documents and other evidence that Miner relied upon may be offered into evidence to demonstrate "negligence, inadvertence, accident, mistake or reckless disregard for the requirements of the law, or resulted from a good faith misunderstanding" of the law.

The "Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense.'" See *Holmes v. South Carolina*, 547 U.S. 319, 324, 126 S.Ct. 1727 (2006); *United States v. White*, 692 F.3d 235, 246 (2nd Cir. 2012)("when the evidence is central to the defendant's claim of innocence, we find that categorical exclusion 'infringe[s] upon a weighty interest of the accused,' * * * and threatens 'the right of the accused to require the prosecution's case to survive the crucible of meaningful adversarial testing,'"); *United States v. Decologero*, 530 F.3d 36, 72-73 (1st Cir. 2008); and *Kittelson v. Dretke*, 426 F.3d 306, 318-19 (5th Cir. 2005). At trial, Miner will testify that he studied various materials to determine what "the law is," and relied upon a variety of documents which may be the subject of the prosecution's motion *in limine*. To exclude this potential

9

testimony and exhibits before trial or even during trial will deprive Miner of his constitutional right "to present a complete defense."

CONCLUSION

For the foregoing reason, the motion *in limine* should be denied.

Respectfully submitted this the 20th day of February, 2013.

        /s/ *Lowell H. Becraft, Jr.*
Lowell H. Becraft, Jr.
ASB 5005-F66L
Attorney for Defendant Miner
403-C Andrew Jackson Way
Huntsville, AL 35801
256-533-2535
becraft@hiwaay.net

CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2013, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, who access this filing through the Court's electronic filing system, including:

Frank M. Dale, Jr., AUSA
Office of U. S. Attorney
800 Market Street, Suite 211
Knoxville, TN 37902

        /s/ *Lowell H. Becraft, Jr.*
Lowell H. Becraft, Jr.